GREGORY GILLILAN,

Plaintiff,

v.

CIVIL ACTION NO.: CV608-089

TAMARA BENNETT, Director, Georgia
State Prison Mental Health Department;
Ms. LOVE, Mental Health Counselor;
Ms. AYERS, Mental Health Counselor;
Lt. ELLIS, and Sgt. HARPER,

Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Plaintiff was granted leave of the Court by Order dated February 12, 2009, to proceed in forma pauperis in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three[1] civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Gillilan v. Cannon, 1:06CV114 (M.D. Ga. Aug. 18, 2006) (dismissed as frivolous); (2) Gillilan v. Brown, 1:06CV124 (S.D. Ga. Dec. 21, 2006) (dismissed for failure to state a claim); and (3) Gillilan v. Thomas, 1:06CV122 (S.D. Ga. Jan. 10, 2007) (dismissed for failure to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that

---

[1] A review of Plaintiff's history of filings reveals he is the Plaintiff in over 115 civil actions. While some of Plaintiff's civil actions have been transferred from one judicial district to another district, there can be no question that Plaintiff is quite familiar with § 1983 litigation. See, e.g., Gillilan v. Fogam, CV407-133 (S.D. Ga.)(Doc. No. 6); see also Gillilan v. Paul, CV608-51 (S.D. Ga.)(Doc. No. 3).

serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Id. In addition, general or conclusory allegations which might indicate that injury is imminent cannot invoke this exception; such allegations must be supported by specific facts. See Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006).

In his Complaint, Plaintiff contends that he is being held in prolonged isolation because he files lawsuits against staff at Georgia State Prison. Plaintiff asserts that counselors will not come into the building when they are needed and that correctional officers have been instructed not to call the mental health department. Plaintiff asserts that the failure to call the mental health department causes the inmates in need of mental health services torment, tension, and stress. Plaintiff alleges that mental health patients are discriminated against and denied proper food because they are not provided with two hot meals daily. Plaintiff avers he has attempted suicide on several occasions. Plaintiff contends that he was denied treatment for the injuries he inflicted and that he was assaulted by guards. Plaintiff also contends his property has been confiscated. Plaintiff further contends that he has been made to sleep on a bed frame only. Finally, Plaintiff asserts that he suffers from seizures and that he is not to be exposed to loud noises or high-pitched noises, yet the volumes on all of the televisions in the building are too loud.

At the time he filed his Complaint, Plaintiff had brought at least three cases that constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent

AO 72A
(Rev. 8/82)

3

danger of serious physical injury at the time he filed his Complaint, which was filed in this Court on October 8, 2008. The allegations Plaintiff sets forth in his Complaint are rather general, and Plaintiff does not set forth how the named Defendants are responsible for any alleged constitutional violations. In addition, Plaintiff's allegations of imminent danger are reminiscent of contentions he set forth on previous occasions in attempts to establish imminent danger, which have been rejected by more than one court. See CV4:07-133, Doc. No. 6 (setting forth several examples of Plaintiff's attempts to circumvent the three strikes provision)[2]. Plaintiff should not be considered to meet the exception to the three strikes rule. Accordingly, the Court's February 12, 2009, Order is **VACATED**. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

Plaintiff filed a Motion for Admissions on February 27, 2009. Given the undersigned's recommended disposition of Plaintiff's Complaint, Plaintiff's Motion is **DENIED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 5th day of May, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's allegations appear to be a synthesis of the attempts United States Magistrate Judge W. Leon Barfield noted Plaintiff made on previous occasions to circumvent the three strikes provision. The undersigned notes Plaintiff's allegations are not the first time he has "'cried wolf'" in an attempt to invoke the section 1915(g) exception. (CV608-24, Doc. No. 7, p. 4) (S.D. Ga.).